John and Jan JEANNIDES, Plaintiffs,

v.

U.S. HOME, a Delaware corporation, and Northwestern National Insurance Company, a Wisconsin corporation, Defendants.

No. 86 C 1054.

United States District Court, N.D. Illinois, E.D.

Jan. 26, 1987.

Steven A. Miner, Barrington, Ill., for plaintiffs.

Daniel C. Meenan, Jr., William H. Hrabak, Jr., Feiwell, Galper, Lasky & Berger, Ltd., Chicago, Ill., for defendants.

## ORDER

BUA, District Judge.

Plaintiffs' motion for class certification is denied.

This court had referred plaintiffs' motion to a magistrate pursuant to 28 U.S.C. § 636(b)(1)(B). The magistrate issued a decision in which he accepted various arguments presented by plaintiffs and he recommended that the prospective class be certified.

The defendants objected to the magistrate's report and recommendation. This court finds defendants' objections compelling. Consequently, this court declines to adopt the magistrate's recommendation.

The prospective class action is based on defendants' alleged failure to construct various residences in conformity with the plans and specifications for each residence. This action does not satisfy the class action prerequisites provided by Rule 23 of the Federal Rules of Civil Procedure.

Rule 23 requires the party moving for class certification to show the following prerequisites: (1) that the class is so numerous that joinder of all members is impracticable, (2) that there are questions of law or fact common to the class, (3) that the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) that the representative parties will fairly and adequately protect the interests of the class.

**30**

■ This court holds that plaintiffs failed to satisfy the requirements of Rule 23. In particular, plaintiffs failed to satisfy the "typicality" requirement. The typicality requirement directs this court to focus on whether the named representatives' claims have the same essential characteristics as the claims of the class at large. *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir.1983). Plaintiffs' claims are typical if they arise out of the same event or course of conduct that gives rise to the claims of other class members and plaintiffs' claims are based on the same legal theory. *Resnick v. American Dental Ass'n.*, 90 F.R.D. 530, 539 (N.D.Ill. 1981).

Plaintiffs pled that the damages incurred by all class members are a result of defendants' poor workmanship in constructing their residences. Plaintiffs failed to plead that the claims arose out of the same event that gives rise to the other class members' claims. The construction activity was scattered across the State of Illinois. Therefore, this court believes that the plaintiffs' claims do not arise out of one event.

Similarly, this court finds that plaintiffs' claims do not arise out of the same course of conduct that gives rise to the other class members' claims. Plaintiffs implicitly contend that defendants' course of conduct should be broadly viewed as defendants' poor workmanship in constructing residences. Accepting plaintiffs' broad interpretation would allow any homeowner to become a class member who is dissatisfied with work performed by defendants on their particular home. This court declines to broadly categorize defendants' course of conduct as "poor construction workmanship." Defendants have constructed over 4,100 residential homes throughout the Greater Chicago Area since 1974. The homes are not mass produced but are constructed on an individual basis utilizing different contracts, plans, specifications, and blueprints. Numerous employees, architects, subcontractors and other individuals have been involved in the construction of these homes. Each home varies in size, design, location, age and sales price.

Due to the unique nature of the alleged construction defects complained of by plaintiffs, the proof plaintiffs will need to present to win their case will not provide the same proof the prospective class members will need to present. In addition, plaintiffs and the other class members will not rely upon the same construction documents. Finally, defendants' defenses will differ and be unique to each homeowner since the construction of each home is unique.

This court's finding may have been different had plaintiffs' class consisted of homes constructed pursuant to similar specifications. For example, houses and townhouses within the same housing complex are frequently built by the same builder, one after another, pursuant to the same specifications and blueprints. These homes typically look identical. No such allegations were made in the instant case.

■ This court does not interpret Rule 23(a)(3) as requiring each class member to suffer precisely the same injury as the named class representative. However, Rule 23(a)(3) does require that each class member's claims arise out of the same course of conduct engaged in by defendants. Here, plaintiffs' claims must be construed more narrowly than "poor construction workmanship." Consequently, this court finds plaintiffs' claims atypical to the claims of the prospective class. Therefore, plaintiffs failed to satisfy the requirement of Rule 23(a)(3).

Accordingly, this court denies plaintiffs' motion for class certification.

IT IS SO ORDERED.